# ReedSmith

Jordan W. Siev
Direct Phone: +1 212 205 6085
Email: jsiev@reedsmith.com

Reed Smith LLP
599 Lexington Avenue
New York, NY 10022-7650
Tel +1 212 521 5400
Fax +1 212 521 5450
reedsmith.com

January 27, 2014

Hon. Lorna G. Schofield
United States District Court
Southern District of New York
500 Pearl Street
New York, NY 10007

   Re: *Alexander Emmanuel Rodriguez v. Major League Baseball et al.*, 13 Civ. 7097 (LGS)

Dear Judge Schofield:

  We represent Plaintiff Alexander Rodriguez ("Plaintiff") in the above-captioned matter and write in response to the argument, raised for the first time in Defendants' Opposition,[1] that the Court should only consider Plaintiff's original Complaint, and not Plaintiff's Amended Complaint, when ruling on the parties' pending motions addressing whether this Court has federal subject matter jurisdiction. Because the agreed and Court-Ordered briefing schedule combined the parties' reply and opposition briefs,[2] Plaintiff did not have the opportunity to respond to Defendants' new argument and, therefore, respectfully asks the Court to consider this letter in brief response. *See Soot v. Gen. Elec. Co.*, 681 F. Supp. 157, 160 (S.D.N.Y. 1987) (allowing the plaintiff to file a sur-reply in response to new issues raised by defendant in its reply papers).

  Defendants' argument that the Court should "examine the allegations in Plaintiff's original Complaint" (Defs.' Opp. at 5-6) and ignore the allegations of his Amended Complaint contradicts the substance and spirit of the parties' joint letter to the Court dated December 6, 2013.[3] In that joint letter, the parties requested that, "as a result of the Amended Complaint filed by Plaintiff on November 26, 2013, Plaintiff's motion to remand and Defendants' motion to dismiss be withdrawn, and that the parties be granted permission to file new motions to remand and to dismiss based on the Amended Complaint." The Court "so ordered" this request on December 9, 2013. ECF # 32. Defendants' argument that the Court's decision on these motions should *not* be based on the Amended Complaint thus ignores, and indeed seeks to contravene, the express agreement between the parties, and for this reason alone should be rejected.

  However, Defendants also are wrong on the law. Courts routinely will remand an amended complaint that asserts only state law claims, even where (although not the case here) the original

---

[1] "Defendants' Opposition" refers to the Memorandum of Law in Opposition to Plaintiff's Motion to Remand and in Further Support of Defendants' Motion to Dismiss, filed on January 17, 2014.

[2] By way of background, Plaintiff filed a motion to remand and Defendants filed a motion to dismiss in this action. Because the motions were addressing the same issue – namely, whether § 301 of the Labor Management Relations Act applied to and preempted Plaintiff's state law claims – the parties agreed to file only two briefs for each motion, the moving brief, and a combined opposition / reply brief. As a result, Plaintiff has no opportunity to respond to arguments raised for the first time in Defendants' opposition / reply brief.

[3] Joint Letter to Hon. J. Schofield, dated December 6, 2013, ECF # 32.

**ReedSmith**

complaint contains facts supporting federal jurisdiction, and the amended complaint does not. *See Carnegie-Mellon Univ. v. Cohill*, 484 U.S. 343, 357 (1988) (district court properly remanded state law claims after complaint was amended to remove federal claims); *Spehar v. Fuchs*, 02-CIV 9352-CM, 2003 WL 23353308, at * 11 (S.D.N.Y. June 18, 2003) (granting motion to remand based on the allegations contained in an amended complaint, even where original complaint asserted federal claims); *Enochs v. Lampasas Cnty.*, 641 F.3d 155, 160 (5th Cir. 2011) (district court abused its discretion in refusing to remand amended complaint that removed all federal claims).[4] Remanding on the basis of the Amended Complaint here is even more appropriate than in all the cases just cited. In those cases, the court remanded based on the amended complaint even though the original complaint unambiguously asserted federal claims. Here, Plaintiff vigorously contested the existence of federal claims / subject matter jurisdiction in his original Complaint, and filed a remand motion to that effect. *See* ECF #24.

In deciding whether to consider an amended complaint on remand, courts examine whether so doing promotes "the values of judicial economy, convenience, fairness, and comity." *Spehar*, 2003 WL 23353308, at *10 (quoting *Cohill*, 484 U.S. at 350). Where "all federal-law claims are eliminated before trial, the balance of factors to be considered…will point toward declining to exercise jurisdiction over the remaining state-law claims." *Id.* at n. 7. Here, even if the original Complaint contained a basis for federal jurisdiction (a point that Plaintiff vigorously contests), the Amended Complaint was filed well before any substantial work was done by the parties in this action.[5] Moreover, Plaintiff filed his Amended Complaint *as a matter of right*, pursuant to this Court's Individual Rule III(C)(2).

Thus, in light of the early stage of this litigation, Defendants' argument that the Court should address the pending motions on the allegations of the original Complaint, and disregard the allegations of the Amended Complaint which prompted the filing of such motions, is wholly without merit and should be rejected. However, even if the Court were to consider the allegations in the original Complaint, it is respectfully submitted that those allegations similarly fail to support this Court's exercise of subject matter jurisdiction.

We thank the Court for its attention to this matter.

Respectfully submitted,

*/s/ Jordan W. Siev*
Jordan W. Siev

cc: All Counsel of Record

---

[4] Defendants' assertion that a court should "look only to the jurisdictional facts alleged in the Notices of Removal" when considering defendant's removal petition (Defs'. Opp. at 5) is correct but irrelevant. The referenced rule stands only for the proposition that a court looks at the Notice of Removal in determining whether the *initial removal* was proper, and not whether to consider a plaintiff's amended complaint on a motion to remand.

[5] At the time when the Amended Complaint was filed, Plaintiff had filed his remand motion and Defendants their motion to dismiss. Neither party had yet filed opposition papers. The parties had also appeared for an initial Case Management Conference. No discovery or other activities have taken place to date.