

Proskauer Rose LLP   Eleven Times Square   New York, NY 10036-8299

January 30, 2014

Joseph Baumgarten
Member of the Firm
d 212.969.3002
f 212.969.2900
jbaumgarten@proskauer.com
www.proskauer.com

**VIA ECF**

Hon. Lorna G. Schofield
United States District Court
Southern District of New York
500 Pearl Street
New York, New York 10007

Re:   <u>Rodriguez v. Major League Baseball, et al.</u>, Case No. 13 Civ. 7097 (LGS)(KNF)

Dear Judge Schofield:

We represent Defendants Major League Baseball, Office of the Commissioner of Baseball d/b/a Major League Baseball and Allan Huber "Bud" Selig (collectively, "Defendants") in this matter, and we write in response to Plaintiff's counsel's letter of January 27, 2014. We respectfully request that the Court disregard Mr. Siev's letter.

As an initial matter, pursuant to the briefing schedule memorialized in counsel's letter to Your Honor dated December 6, 2013 (Docket No. 32), the parties did not contemplate, and the Court did not permit, an opportunity for sur-reply in connection with the parties' respective motions to dismiss and remand.

In any event, Plaintiff mischaracterizes Defendants' argument concerning the proper Complaint to consider on a motion for remand as a "new" argument, "raised for the first time" in Defendants' Memorandum of Law in Opposition to Plaintiff's Motion to Remand and in Further Support of Defendants' Motion to Dismiss ("Defendants' Opposition Memorandum").[1] As noted in Defendants' Opposition Memorandum at page 4, our discussion of this issue was responsive to statements made in Plaintiff's Memorandum of Law in Support of his Motion to Remand ("Plaintiff's Memorandum") that Defendants improvidently removed this case to federal court. Indeed, Plaintiff repeatedly argued throughout his Memorandum that removal of this case was improper. (Pl. Mem. at 1, 3, 9-10, 17, 19.)

For the reasons explained in Defendants' Opposition Memorandum, removal of this case was proper considering the allegations in the original Complaint, and, assuming the Court considers the Amended Complaint, remand is not warranted because the allegations in the Amended Complaint are also preempted by Section 301.

---

[1] Contrary to Plaintiff's assertion, Defendants' argument regarding the proper Complaint to consider pertains *only* to the motion to remand, and not Defendants' motion to dismiss, which is directed at Plaintiff's Amended Complaint. (*See* Docket Nos. 33, 35 and 37.)

**Proskauer**

Hon. Lorna G. Schofield
January 30, 2014
Page 2


Respectfully submitted,

PROSKAUER ROSE LLP

By: s/ *Joseph Baumgarten*


cc:   All counsel (via ECF)